IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JESSIE DE LEON, individually and on behalf of all others similarly situated,<br>   *Plaintiff*, | § § § § | |
| v. | § § | |
| NORTHERN NATURAL GAS COMPANY,<br>   *Defendant*, | § § § § § | MO:20-CV-00179-DC-RCG |
| GAS GATHERING SPECIALIST, INC.,<br>   *Intervenor-Defendant.* | § § § § § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR DISTRIBUTION OF NOTICE TO POTENTIAL OPT-IN PLAINTIFFS

BEFORE THE COURT is Plaintiff Jessie De Leon's Motion to Certify Class for Conditional Certification and Court Authorized Notice.[1] (Doc. 63). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 7). After due consideration of the record, the parties' briefing, and applicable case law, the Court **DENIES** Plaintiff Jessie De Leon's Motion for Distribution of Notice to Potential Opt-In Plaintiffs. (Doc. 63).

### I. BACKGROUND

---

[1] The Court notes that De Leon still seeks "conditional certification" despite the Fifth Circuit's stating that "nothing in the FLSA, nor in Supreme Court precedent interpreting it, requires or recommends (or even authorizes) any 'certification' process." (Docs. 44, 45); *Swales*, 985 F.3d at 440. Rather instead of conditionally certifying a collective action, "the district court's job is ensuring that notice goes out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case. A district court abuses its discretion, then, when the semantics of 'certification' trump the substance of 'similarly situated.'" *Swales*, 985 F.3d at 440. Thus, the Court will employ language endorsed by the Fifth Circuit in *Swales* and construe Plaintiffs' Motion as a "Motion for Distribution of Notice to Potential Opt-In Plaintiffs."

Jessie De Leon ("De Leon") filed this collective action on July 24, 2020 against Northern Natural Gas Company ("Northern") alleging that Northern paid him and others similarly situated a day rate without overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). De Leon alleges that he worked for Northern as an inspector from approximately July 2017–April 2018. *Id*. at 2. On September 29, 2020, De Leon filed a Motion to Certify Class for Conditional Certification and Court-authorized Notice pursuant to the *Lusardi* two-step approach. (Doc. 15). While Plaintiffs' Motion for Conditional Certification and Notice was pending before the Court, the Fifth Circuit's decision in *Swales v. KLLM Transport Services* rejected the *Lusardi* two-step approach, upon which both De Leon's Motion and Northern's Responses were premised. (Docs. 15, 20, 23).

As a result of the Fifth Circuit's directive in *Swales*, the Court found it necessary to deny De Leon's Motion for Conditional Certification and Notice without prejudice, allowing De Leon to refile his motion at the appropriate time. (Doc. 34). Pursuant to the Fifth Circuit's mandate in *Swales*, the Court held a hearing in the instant case on February 10, 2021, regarding "what facts and legal considerations" are material to determining whether De Leon and the proposed class are "similarly situated" as well as the "amount of discovery necessary to make that determination." (Doc. 35) (quoting *Swales v. KLLM Transp. Servs.*, 985 F.3d 430, 441 (5th Cir. 2021)).

Then, in compliance with the Fifth Circuit's enunciation in *Swales*, on March 26, 2021, the Court entered a Preliminary Discovery Control Plan wherein the Court authorized limited discovery to facilitate a determination of whether there is a group of similarly situated workers who are entitled to receive notice about the proposed collective action. (Doc. 42). Shortly

thereafter, on April 12, 2021, the Court granted Gas Gathering Specialist, Inc.'s ("Gas Gathering") Motion to Intervene. (*See* Docs. 22, 43).

The parties then conducted limited discovery pursuant to the Court's Preliminary Discovery Control Plan. Further, the Court entered an Amended Scheduling Order on May 24, 2021. (Doc. 46). Pursuant to the Amended Scheduling Order, the parties' discovery deadline was December 9, 2021; their dispositive motions deadline was February 11, 2022; their Final Pretrial is set for July 7, 2022; and their jury selection/trial is set for August 1, 2022. *Id*. On June 18, 2021 the parties filed, and the Court granted, a Joint Motion for Extension of Time to Complete Discovery—extending the Preliminary Discovery Control Plan through August 31, 2021. (Doc. 47; Text Order dated June 28, 2021). Then on December 21, 2021, Avery Technical Resources, Inc. filed its Motion to Intervene. (Doc. 56). This Court denied Avery's Motion to Intervene without prejudice based upon the fact that no Avery worker, former or current was opted into the lawsuit. (Doc. 62).

Finally, that brings the Court to the current Motion. On May 6, 2022, De Leon filed the instant Motion for Distribution of Notice to Potential Opt-In Plaintiffs. (Doc. 63). The Motion was under a deficiency notice for a period of time, but said deficiency was cured on May 12, 2022. (*See* Doc 70; Text Order dated May 12, 2022). Thereafter, Northern and Gas Gathering filed a joint Response in Opposition. (Doc. 71). Accordingly, this matter is ready for disposition.

## II.   LEGAL STANDARD

An employee may bring an action for violations of the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under § 216(b) provides a procedure

for plaintiffs to "opt-in," i.e., affirmatively notify the court of their intention to become parties to the collective action. *Swales*, 985 F.3d at 435 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). However, the Fifth Circuit noted "nothing in the FLSA, nor in Supreme Court precedent interpreting it, requires or recommends (or even authorizes) any 'certification' process." *Id.* at 440. Instead, "the district court's job is ensuring that notice goes out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case." *Id.*

Under *Swales*, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Id.* at 441. When deciding if the named plaintiff has met their burden of establishing similarity, a "district court has broad, litigation-management discretion." *Id.* at 443. That discretion is cabined by two principles:

> (1) the FLSA's text, specifically § 216(b), which declares (but does not define) that only those "similarly situated" may proceed as a collective; and (2) the Supreme Court's admonition that while a district court may "facilitat[e] notice to potential plaintiffs" for case-management purposes, it cannot signal approval of the merits or otherwise stir up litigation.

*Swales*, 985 F.3d at 434 (quoting *Hoffmann-La Roche*, 493 U.S. at 169; *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500–02 (5th Cir. 2019) (alteration in original)). Additionally, under *Swales*, a district court may consider "whether merits questions can be answered collectively" without endorsing the merits of the case because "addressing these issues from the outset aids the district court in deciding whether notice is necessary." *Id.* at 442.

### III.   DISCUSSION

Here, the Court finds it unnecessary to examine the substance of De Leon's Motion. As Northern and Gas Gathering state in their Response, De Leon "waited until the expiration of the

deadlines set by the Court and with 90 days before the August 1, 2022 trial date to renew his request for certification of a collective action under the Fair Labor Standards Act." (Doc. 71 at 1). Not only that, but De Leon did so without asking leave of court, nor does De Leon address the reason for the last-minute nature of the filing. In its Preliminary Discovery Control Plan, the Court explicitly delineated that: "The parties shall have ten (10) days after the close of preliminary discovery to meet, confer, and submit either an agreed definition of similarly situated; or if there is a disagreement as to what constitutes similarly situated, each party shall submit their own definition for the Court to consider. The Court will then rule on the similarly situated definition, if necessary." (Doc. 42 at 2). After extension, the parties' deadline for filing a definition of similarly situated opt-in plaintiffs was September 10, 2021.

De Leon clearly failed to meet this deadline, filing his motion eight months later. In his Motion, De Leon states he has "persistently pursued his claims and that of the putative class." (Doc. 63 at 23). But fails to provide why he did not file his Motion for Notice earlier, in compliance with the Court's Preliminary Discovery Control Plan and Amended Scheduling Order. The Court also notes De Leon did not ask the Court for an extension of time to file a Motion for Distribution of Notice to Potential Opt-In Plaintiffs. As such, De Leon has not established how he diligently pursued a collective action, nor has he established why good cause exists for waiting until approximately two months before the Final Pretrial Conference to file the instant motion. The Court agrees with Northern and Gas Gathering—De Leon's Motion for Distribution of Notice to Potential Opt-In Plaintiffs is **DENIED**.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** De Leon's Motion for Distribution of Notice to Potential Opt-In Plaintiffs. (Doc. 63).

It is so **ORDERED**.

SIGNED this 26th day of May, 2022.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE